Hamilton County Common Pleas, April, 1894.

### NITZEL v. ST. BERNARD.

1. Under Sec. 2304, no notice of a sewer improvement is required. It makes no difference that the resolution provided for notice.

2. Where the construction of a sewer is not a necessary part of the street improvement, the assessments for street improvement and construction of sewer should be separately provided for.

3. Sewers are street improvements, and under Secs. 2264, and 2965, 2696, and Hartwell v. C. H. & D. R. R. R., 40 Ohio St., 155 the assessment could be made on the installment plan.

---

HOLLISTER, J.

1. Under Sec. 2304, no notice of a sewer improvement is required. It makes no diff-

erence that the resolution provided for notice.

2. The construction of the sewer was not shown to be a necessary part of the street improvement, and would not probably come under that head. It was not so regarded, for a separate ordinance was passed providing for it, and separate bids taken. The bidder for street improvement was also the lowest bidder for sewer. This was an advantage to the property owners, as it made the cost less. It does not appear that any extra excavating was required for the sewer. If there was, no extra charge was made for it.

The proceedings to improve by grading, graveling, curbing, etc., and for sewering seem entirely regular up to the point of making a single assessment for the cost of both. What real injury this does to Mr. Nitzel is not apparent, but he complains that he could not, under such assessment, pay in cash either of the assessments if he had been disposed to pay one and let the other run for ten years. This he was entitled to. The assessments should be separated.

Longworth v. Cincinnati, 34 Ohio St., 101, does not assist in determining this question, for it was there held that the construction of a wall was a necessary appurtenance to the improvement of the street, and was properly included in the assessment, although separate provision for such construction was made in the law. If the street improvement ordinance had covered the sewer construction as a necessary part of the improvement, the cases would be favorable.

City v. Corry, 2 Bull., 337, does not seem to cover the case at all.

The village may, however, separate the assessments under Sec. 2290.

3. Hosbrook was not an employe of the village under a salary. His services were necessary, and he had special employment. The sum paid him was reasonable; at any rate it was not attacked on the ground that it was exorbitant. It was a proper payment; Hastings v. Columbus, 42 Ohio St., 585, 594; Longworth v. Cincinnati, 34 Ohio St., 101.

4. Sewers are street improvements, and under Secs. 2264, and 2965, 2696, and Hartwell v. C. H. & D. R. R. R., 40 Ohio St., 155 the assessment could be made on the installment plan.

This conclusion does not militate against Judge Force's remarks in Cincinnati v. Wewell, 16 Bull., 287, for accepting them as true, and they cannot be controverted, yet the method of collection of assessments may be the same for street and for sewer improvement, however different the statutory provisions may be regarding the mode and amount of assessment.

5. The testimony shows that Nitzel's lots are of the fair average depth.

6. Nitzel has 874 feet. Total frontage 3,-064.66 feet ;cost, exclusive of curb and flagging, $4,207.53; rate $1.405. He then pays

for improvement, less curb and flagging, $1,227.97. He is charged with $1,228.46, the difference of forty-nine cents probably arising from the fact that the rate $1,45, is not the full fraction. The rate per foot for curb and flagging is $1.10. For 200 feet there is no curb and flagging in front of his property.

He is charged with but 674 feet, making $741.40. Total assessment, $1,969.86. Now, his frontage, 874 feet, at total assessment of $2,505.55, is $2,189.83, less $220, for 200 feet of curb and flagging at $1.10 not constructed, makes $1,969.83.

There seems to me nothing wrong in this, at least so far as Nitzel, under the circumstances is concerned. The curbing, etc., were omitted in his case at his request.

A decree may be taken in accordance with the above.

Wm. E. Bundy, for Nitzel.
Frank Gorman, for Village.